IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| COREY KEITH,<br>TDCJ-CID No. 2134348 | §<br>§<br>§ | |
| Plaintiff, | §<br>§ | |
| v. | §<br>§ | 2:24-CV-00010-Z-BR |
| TEXAS TECH MEDICAL CENTER,<br>*et al.*, | §<br>§<br>§ | |
| Defendants. | §<br>§ | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DISMISS COMPLAINT IN PART**

Before the Court is the Amended Complaint (ECF 32) filed by Plaintiff Corey Keith ("Keith") against various Defendants, alleging violations of the Americans with Disabilities Act, the Rehabilitation Act and the Eighth Amendment. Keith filed this lawsuit *pro se* while a prisoner at the Clements Unit of the Texas Department of Criminal Justice ("TDCJ") in Amarillo, Texas, although he later obtained counsel. As such, his lawsuit is subject to preliminary screening as provided by the Prison Litigation Reform Act ("PLRA"). Pursuant to such screening and for the reasons stated below, the Magistrate Judge recommends that Keith's Amended Complaint be DISMISSED in part pursuant to 28 U.S.C. § 1915A.

**I. STANDARD OF REVIEW**

A court must dismiss a complaint filed by a prisoner against a government entity or employee if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b) (applying section to any suit by a prisoner against certain

1

governmental entities, regardless of whether the prisoner is proceeding *in forma pauperis*). A frivolous complaint lacks any arguable basis, either in fact or in law, for the wrong alleged. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint has no arguable basis in fact if it rests upon clearly fanciful or baseless factual contentions, and similarly lacks an arguable basis in law if it embraces indisputably meritless legal theories. *See id.* at 327; *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). When analyzing a prisoner's complaint, the court may consider reliable evidence such as the plaintiff's allegations, responses to a questionnaire, and authenticated prison records. *Wilson v. Barrientos*, 926 F.2d 480, 483–84 (5th Cir. 1991); *see also Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (explaining that responses to a questionnaire or testimony given during an evidentiary hearing are incorporated into the plaintiff's pleadings). In evaluating the sufficiency of a complaint, the court accepts well-pleaded factual allegations as true, but does not credit conclusory allegations or assertions that merely restate the legal elements of a claim. *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016).

## II. LEGAL ANALYSIS

**A.     Factual Background.**[1]

On June 29, 2023, Keith passed out from hypoglycemia in his cell and fell face first into a stationary stool. The fall caused cuts, bruising and extreme swelling to his head and eye, as well as pain, headache and vertigo. He was taken to medical on July 1, 2023, where he explained his injuries to medical personnel. He was given an appointment to see Defendant PA Burch ("Burch"). On July 5 and July 10, however, Burch refused to see Keith because Keith was a few minutes late to the appointments, which Keith attributes to his condition caused by the fall. (ECF 32 at 3-4).

---

[1] These background facts are taken from Plaintiff's Amended Complaint (ECF 32) and are assumed to be true for the purpose of evaluating the merits of Plaintiff's causes of action.

On or about July 23, 2023, Keith attended an appointment with Burch, who initially agreed to authorize ibuprofen for Keith until Keith could have a medical exam. Keith alleges that Burch became offended by Keith's request for a work excuse and an x-ray, and withdrew the authorization for ibuprofen. Burch then cleared Keith for work without having conducted any medical examination or prescribing any treatment. *(Id.* at 4).

During this time period, Keith's work detail required him to perform heavy lifting and to stand for prolonged periods. His injury prevented him from doing his work, and often prevented him from going to the cafeteria to eat. In part because Burch cleared Keith to work, Keith ultimately received numerous disciplinary cases for failing to turn out for work assignment. As a result of the cases, Keith's custody classification was changed from G2 to G4, which, Keith claims, affected his ability to be paroled. (*Id.* at 4-5).

At some point thereafter, x-rays were taken, but Keith was not told the results. However, he was placed on restrictive movement for six months. He recently discovered that he did have numerous fractures around his face and has a large piece of bone "floating around" in his head. He continues to suffer physical issues from the injuries that have remained untreated. (*Id.* at 5).

Keith filed suit on January 11, 2024, alleging an Eighth Amendment violation for failure to provide medical treatment and seeking restoration of lost good-time credits. His request for good-time credits was severed into a separate habeas case, Case No. 2:24-cv-33-Z-BR, which is currently pending. In his Amended Complaint filed September 30, 2024, he added claims of violation of the Americans With Disabilities Act ("ADA") and Rehabilitation Act ("RA").

**B.    Section 1983 Claims.**

Keith alleges that Defendants failed to provide medical care to him, in violation of the Eighth Amendment. The Constitution requires that prison officials provide adequate medical care.

*Rogers v. Boatright*, 709 F.3d 403, 409 (5th Cir. 2013). An inmate seeking to establish a constitutional violation regarding medical care must allege facts showing that prison officials were deliberately indifferent to his serious medical needs. *Morris v. Livingston*, 739 F.3d 740, 747 (5th Cir. 2014) (explaining that because "only the 'unnecessary and wanton infliction of pain' implicates the Eighth Amendment, a prisoner advancing such a claim must, at a minimum, allege 'deliberate indifference' to his 'serious' medical needs'") (quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). Deliberate indifference "is an extremely high standard to meet." *Brewster v. Dretke*, 587 F.3d 764, 770 (5th Cir. 2009) (internal quotation omitted) and requires satisfaction of both an objective and a subjective component. *Rogers*, 709 F.3d at 410. An inmate must first prove objective exposure to a substantial risk of serious bodily harm. *Gobert v. Caldwell*, 463 F.3d 339, 345 (5th Cir. 2006). As to the subjective component, an official acts with deliberate indifference only when he (1) knows the inmate faces "a substantial risk of serious harm" and (2) "disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Gobert*, 463 F.3d at 346; *see also Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999) (per curiam) (stating that prison official is not liable for denial of medical treatment unless he knows of and disregards an excessive risk to inmate health or safety).

An official's "failure to alleviate a significant risk that the official should have perceived, but did not, is insufficient to show deliberate indifference." *Domino v. Tex. Dep't of Crim. Just.*, 239 F.3d 752, 756 (5th Cir. 2001) (alterations and internal quotation omitted) (quoting *Farmer*, 511 U.S. at 838). "[D]eliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." *Thompson v. Upshur Cnty.*, 245 F.3d 447, 459 (5th Cir. 2001). Instead, an official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the

inference." *Brewster*, 587 F.3d at 770 (quoting *Farmer*, 511 U.S. at 837); *see also Lawson v. Dallas Cnty.*, 286 F.3d 257, 262 (5th Cir. 2002) (holding that deliberate indifference is a "subjective inquiry," and inmate must show that the prison official was actually aware of risk of harm and consciously ignored it).

Allegations of malpractice, negligence, or unsuccessful treatment fail to establish deliberate indifference. *Gobert*, 463 F.3d at 346. Similarly, an inmate's disagreement with the medical treatment provided does not give rise to a constitutional claim. *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997). Further, a delay in delivering medical care creates constitutional liability only where the alleged deliberate indifference results in substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993). In sum, an inmate must demonstrate that prison staff "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs" to state a viable Eighth Amendment claim for deliberate indifference to serious medical needs. *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985).

1. **Claim Against Defendant Collier.**

Keith sues Defendant Bryan Collier ("Collier") in his "representative capacity" (presumably his official capacity), but fails to specify any facts giving rise to Collier's liability in any capacity. It is well established that supervisory officials such as Collier are not liable for the acts of their subordinates unless they: (1) affirmatively participated in an act that caused a constitutional deprivation, or (2) implemented an unconstitutional policy or custom that resulted in injury to the plaintiff. *Mouille v. City of Live Oak*, 977 F.2d 924, 929 (5th Cir. 1992) (citing *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987)). Supervisory liability exists without overt personal participation in an offensive act only if the supervisory official implements a policy "so

deficient that the policy" itself is a repudiation of constitutional rights and is "the moving force of the constitutional violation." *Thompkins*, 828 F.2d at 304 (quotations omitted). To the extent that Keith is attempting to hold Collier liable for the acts of his subordinates, this is insufficient to state a claim against Collier. Keith does not allege that Collier was personally involved in any decision to not treat Keith, nor does he allege that Collier created a policy or custom that violated Keith's rights.[2] Accordingly, the Section 1983 claims against Collier should be dismissed.

### 2. Claims Against State Entity Defendants.

As a sovereign entity, a state may not be sued without its consent. Therefore, under the Eleventh Amendment, "[f]ederal courts are without jurisdiction over suits against a state, a state agency, or a state official in his official capacity unless that state has waived its sovereign immunity or Congress has clearly abrogated it." *Moore v. Louisiana Bd. of Elementary & Secondary Educ.*, 743 F.3d 959, 963 (5th Cir. 2014).

Keith's claims against Defendants Texas Department of Criminal Justice ("TDCJ") and Texas Tech Health Sciences Center ("TTUHSC") are without merit because they are simply another way of attempting to sue the State of Texas. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). The Eleventh Amendment "prohibits a private citizen from bringing suit against a state in federal court unless the state consents." *Daigle v. Gulf State Utilities Co., Local Union Number 2286*, 794 F.2d 974, 980 (5th Cir. 1986). When a state agency is the named defendant, the Eleventh Amendment bars all suits against it, regardless of the relief sought. *Cox v. Texas*, 354 F. App'x 901, 902 (5th Cir. 2009). The Fifth Circuit has held that both TDCJ and TTUHSC are state agencies that enjoy immunity from suit in federal court. *Id.* at 902 (citing *Harris v. Angelina County, Tex.*,

---

[2] While Keith alleges that Defendants TDCJ and TTUHSC "sanctioned and/or created the custom, practice, policy or procedure of ignoring the serious medical needs of those entrusted to their care," he does not allege that Collier is responsible for creating such custom, practice, policy or procedure. (ECF 32 at 5-7).

31 F.3d 331, 338 n.7 (5th Cir. 1994); *United States v. Texas Tech Univ.*, 171 F.3d 279, 289 (5th Cir. 1999) ("The Eleventh Amendment cloaks Texas Tech University and Texas Tech University Health Sciences Center with sovereign immunity as state institutions.") (citing *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 n.3 (5th Cir. 1996)); *Pickett v. Texas Tech Univ. Health Scis. Ctr.*, 37 F.4th 1013, 1025 (5th Cir. 2022) ("Texas Tech University [is] an agency of Texas that enjoys sovereign immunity."). Accordingly, all claims against TDCJ and TTUHSC should be dismissed on sovereign immunity grounds.

### 3. Claim against Burch.

Keith alleges that Burch failed to provide necessary medical assistance for his serious medical needs. (ECF 32 at 6). As stated above, Keith alleges facts indicating that Burch "refused to treat him, ignored his complaints, [and] intentionally treated him incorrectly." *Johnson*, 759 F.2d at 1238. Accordingly, Keith has stated a claim against Burch and his Section 1983 claim against Burch survives screening.

## C. ADA/RA Claims.

Keith alleges that Defendants failed to accommodate his disability so that he may continue to participate in work assignments, in violation of the ADA and the RA. (ECF 32 at 9).

### 1. Failure to accommodate claim.

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. To state a *prima facie* claim under the ADA, a plaintiff must show the following:

> (1) that he is a qualified individual within the meaning of the ADA; (2) that he is being excluded from participation in, or being denied benefits of, services, programs, or activities for which the public entity is responsible, or is otherwise being discriminated against by the public entity; and (3) that

7

> such exclusion, denial of benefits, or discrimination is by reason of his disability.

*Epley v. Gonzalez*, 860 F. App'x 310, 312 (5th Cir. 2021) (per curiam) (quoting *Melton v. Dall. Area Rapid Transit*, 391 F.3d 669, 671–72 (5th Cir. 2004)). "In addition to their respective prohibitions of disability-based discrimination, both the ADA and the [RA] impose upon public entities an affirmative obligation to make reasonable accommodations for disabled individuals." *Bennett-Nelson v. La. Bd. of Regents*, 431 F.3d 448, 454 (5th Cir. 2005); *see Buchanan v. Harris*, No. 20-20408, 2021 WL 4514694, at *2 (5th Cir. Oct. 1, 2021) (quoting *Cadena v. El Paso Cnty.*, 946 F.3d 717, 723 (5th Cir. 2020)) ("The ADA requires public entities, including jails and prisons, to make 'reasonable accommodations for disabled individuals.'"). For a failure to accommodate claim, a plaintiff must prove that "(1) he is a qualified individual with a disability; (2) the disability and its consequential limitations were known by the covered entity; and (3) the entity failed to make reasonable accommodations." *Ball v. LeBlanc*, 792 F.3d 584, 596 n.9 (5th Cir. 2015).

The RA similarly provides that a disabled individual shall not "solely by reason of her or his disability ... be denied the benefits of ... any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a). To state a claim for relief under the RA, a plaintiff must allege: "(1) the existence of a program or activity within the state which receives federal financial assistance; (2) the plaintiff is an intended beneficiary of the federal assistance; and (3) the plaintiff is a qualified handicapped person, who solely by the reason of her handicap has" either "been denied benefits from, or otherwise been subject to discrimination under[,] such program or activity." *Hay v. Thaler*, 470 F. App'x 411, 417–18 (5th Cir. 2012) (per curiam) (quoting *Melton*, 391 F.3d at 676 n.8).

The Fifth Circuit has recognized that "[J]urisprudence interpreting either [the ADA or RA] is applicable to both." *Hainze v. Richards*, 207 F.3d 795, 799 (5th Cir. 2000). This is because "the

rights and remedies afforded plaintiffs under Title II of the ADA arc almost entirely duplicative of those provided under § 504 of the Rehabilitation Act." *Bennett-Nelson v. La. Bd. of Regents*, 431 F.3d 448, 454 (5th Cir. 2005). The causation requirements for the ADA and RA, however, differ in that the RA proscribes discrimination "solely by reason of" disability, where the ADA states that "discrimination need not be the sole reason" for the discrimination. *Id.* Under either statute, a plaintiff must show intentional discrimination to recover compensatory damages. *Delano-Pyle v. Victoria Cnty.*, 302 F.3d 567, 574 (5th Cir. 2002).

Keith claims that the after-effects of his possible concussion and broken facial bones qualify as a disability under the ADA/RA. For screening purposes, the Court will assume that Keith's head injury constitutes a qualifying disability. *See* 42 U.S.C. § 12102(4)(A) ("The definition of disability ... shall be construed in favor of broad coverage of individuals ...."); *Epley*, 860 F. App'x at 312–13 (explaining that "[w]hether a plaintiff is disabled under the ADA is not a demanding question" and requires only that the Court ask if the plaintiff has a physical impairment that "substantially limits" at least one major life activity such as walking, lifting, or bending) (quoting Section 12102(2)).

Keith maintains that Defendants failed to accommodate his medical needs so that he could participate in work assignments. (ECF 32 at 9). Keith further alleges that Defendants did so with knowledge of his need for accommodation. In other words, Keith's Amended Complaint satisfy the elements for the discrimination test—*i.e.*, qualifying disability and a failure to reasonably accommodate. *See Epley*, 860 F. App'x at 312; *Ball*, 792 F.3d at 596 n.9.

Thus, at this stage of the proceedings, Keith's allegations, taken as true, sufficiently state ADA/RA violations against TDCJ and TTUHSC. *See, e.g., Douthit v. Collier*, No. 20-20550, 2022 WL 5240152, at *2 (5th Cir. Oct. 5, 2022) (concluding inmate sufficiently pled a viable cause of

action where his allegations "met the three elements required for an ADA failure-to-accommodate claim"); *Epley*, 860 F. App'x at 314 (holding prisoner stated facts sufficient to survive screening on his ADA claim when prisoner alleged "that, even though his single-cell restriction had never been formally revoked, the Montford officials disregarded that restriction" despite knowing "of that restriction" and it being "documented in his medical records"); *Schorsch v. Kwarteng*, No. 2:19-CV-323, 2021 WL 5242983, at *4 (S.D. Tex. Jan. 7, 2021) (denying prison's motion to dismiss prisoner's ADA claim, where prisoner's allegations "suggest[ed] that prison officials originally provided [p]laintiff with a special housing accommodation ... based on his physical limitations caused by his qualifying disability" but violated the accommodation and then unlawfully removed it), *R. & R. adopted by* 2021 WL 4129566 (S.D. Tex. Sept. 10, 2021); *Douthit v. Dean*, No. H–12–2345, 2012 WL 4765793, at *4–5 (S.D. Tex. Oct. 8, 2012) (ordering defendant to answer prisoner's ADA claim based on defendant's alleged denial of reasonable accommodations for his disability).

### 2.   ADA/RA claims against Defendant Burch.

Keith's ADA/RA claims against Burch in his individual capacity must be dismissed. As noted above, Title II of the ADA applies to public entities—individual state employees do not qualify as public entities. *See* 42 U.S.C. § 12131(1) (defining "public entity" as "any State or local government," and "any ...instrumentality of a State or States or local government"); *see also Smith v. Hood*, 900 F.3d 180, 184 n.6 (5th Cir. 2018) (noting that "the ADA cannot be assessed against an individual"); *Lollar v. Baker*, 196 F.3d 603, 609–10 (5th Cir. 1999) (holding that a plaintiff cannot sue a defendant individually under the RA); *Payne v. Sperry*, No. 1:18-CV-0027-BL, 2019 WL 1932213, at *6 (N.D. Tex. May 1, 2019) (dismissing claims as frivolous because "neither [the ADA or RA] provides for relief against any individual"); *Coker v. Dall. Cnty. Jail*, No. 3:05–CV–

005–M (BH), 2009 WL 1953038, at *16 n.11 (N.D. Tex. Feb. 25, 2009) ("[T]he ADA and Rehabilitation Acts only provide for relief against public entities, which do not include individual defendants."), *R. & R. adopted as modified by* 2009 WL 1953037 (N.D. Tex. July 6, 2009); *Meredith v. Nowak*, No. 06-2384, 2008 WL 4808905, at *4 (E.D. La. Oct. 31, 2008) ("Title II of the ADA which is applicable to a 'public entity' does not include individuals."). Therefore, Keith's ADA/RA claims against Burch in his individual capacity should be dismissed.

### 3. ADA/RA official capacity claims.

Keith's ADA and RA claims against Burch and Collier in their official capacities should similarly be dismissed. An ADA suit against a state official in his or her official capacity is not a suit against the official, but rather a claim against the official's office. *Moss v. Harris Cnty. Constable Precinct One*, 851 F.3d 413, 420 n.5 (5th Cir. 2017); *see Phillips ex rel. J.H. v. Prator*, No. 20-30110, 2021 WL 3376524, at *2 (5th Cir. Aug. 3, 2021) ("As a defendant she named Sheriff Prator in his official capacity, which means this is a suit against the Sheriff's Office."). Because Keith brings suit against TDCJ and TTUHSC, any claims against the individual Defendants in their official capacities are duplicative of those against the entity itself. *See Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 262 (5th Cir. 1999) ("[A] party may not maintain a suit against both an employer and its agent under Title VII."); *Sims v. Jefferson Downs Racing Ass'n, Inc.*, 778 F.2d 1068, 1081 (5th Cir. 1985) ("The district court's entry of judgment against both the corporation and [defendant] in her official capacity [in this § 1983 action] would therefore effectively make the corporation liable twice for the same act."). Therefore, Keith cannot bring ADA/RA claims against both TDCJ/TTUHSC and Burch and Collier in their official capacities. *See Shabazz v. Tex. Youth Comm'n*, 300 F. Supp. 2d 467, 474 (N.D. Tex. 2003) (referencing *Indest*) ("The Fifth Circuit's rationale for prohibiting concurrent suits under Title VII against an

employer and the employer's agent in her official capacity is equally applicable under the ADA."). Because Keith cannot bring ADA/RA claims against both TDCJ/TTUHSC and Burch and Collier in their official capacities, his claims against Burch and Collier in their official capacities should be dismissed.

### 4. Punitive Damages Claim.

To the extent Keith seeks punitive damages for his ADA/RA claims, he cannot obtain relief. *See Barnes v. Gorman*, 536 U.S. 181, 189 (2002) (holding that "punitive damages may not be awarded in private suits brought under ... § 202 of the ADA and § 504 of the Rehabilitation Act"); *Lee v. Dallas Cnty.*, No. 3:19-CV-02690-L, 2021 WL 5505652, at *6 (N.D. Tex. Nov. 24, 2021) (citing *Barnes*). Accordingly, Keith's punitive damages claim in connection with his ADA/RA causes of action should be dismissed.

### E. Leave to Amend.

Ordinarily, a plaintiff should be granted leave to amend his complaint prior to dismissal. *Brewster*, 587 F.3d at 767-68. The district court is not required to allow such an opportunity, though, if the prisoner's claims are clearly frivolous, *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994), or if the prisoner has pled his best case in the current complaint. *Mendoza-Tarango v. Flores*, 982 F.3d 395, 402 (5th Cir. 2020). As shown above, allowing Keith to replead his Section 1983 claims against TDCJ, TTUHSC and Collier in his official capacity, his ADA/RA claims against Burch and Collier, and his ADA/RA punitive damages claim would be futile as a matter of law; therefore, granting *sua sponte* leave to amend is unnecessary, although Keith is free to file a motion to amend pursuant to FED. R. CIV. P. 15 and Local Rule 15.1 should circumstances so warrant.

### RECOMMENDATION

For the reasons stated above, the Magistrate Judge concludes that the following claims

should be DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii): (1) Keith's Section 1983 claims against TDCJ, TTUHSC and Collier; and (2) Keith's ADA/RA claims against Burch and Collier. Remaining in the case would be (1) the Section 1983 claim against Burch; and (2) the ADA/RA claims against TDCJ and TTUHSC.

### INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED November 22, 2024.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir. 1988).