IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| COREY KEITH, <br> TDCJ-CID No. 2134348, <br><br> Plaintiff, <br><br> v. <br><br> TEXAS TECH MEDICAL CENTER, *et al.*, <br><br> Defendants. | § § § § § § § § § § § § § 2:24-CV-10-Z-BR |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION TO GRANT
IN PART AND DENY IN PART DEFENDANT BURCH'S MOTION TO DISMISS**

Before the Court is Defendant Paul A. Burch's Motion to Dismiss Plaintiff's claims pursuant to FED. R. CIV. P. 12(b)(1) and (6) (the "Motion"). (ECF 57). For the reasons stated below, the Magistrate Judge recommends that the Motion be GRANTED in part and DENIED in part.

## I. FACTUAL BACKGROUND[1]

On June 29, 2023, Keith passed out from hypoglycemia in his cell and fell face first into a stationary stool. The fall caused cuts, bruising and extreme swelling to his head and eye, as well as pain, headache and vertigo. He was taken to medical on July 1, 2023, where he explained his injuries to medical personnel. He was given an appointment to see Defendant Paul A. Burch ("Burch"). On July 5 and July 10, however, Burch refused to see Keith because Keith was a few minutes late to the appointments, which Keith attributes to his condition caused by the fall. (ECF 32 at 3-4).

---

[1]These background facts are taken from Plaintiff's Amended Complaint (ECF 32) and are assumed to be true for the purpose of evaluating the merits of Burch's Motion.

On or about July 23, 2023, Keith attended an appointment with Burch, who initially agreed to authorize ibuprofen for Keith until Keith could have a medical exam. Keith alleges that Burch became offended by Keith's request for a work excuse and an x-ray, and withdrew the authorization for ibuprofen. Burch then cleared Keith for work without having conducted any medical examination or prescribing any treatment. *(Id.* at 4).

During this time period, Keith's work detail required him to perform heavy lifting and to stand for prolonged periods. His injury prevented him from doing his work, and often prevented him from going to the cafeteria to eat. In part because Burch cleared Keith to work, Keith ultimately received numerous disciplinary cases for failing to turn out for work assignment. As a result of the cases, Keith's custody classification was changed from G2 to G4, which, Keith claims, affected his ability to be paroled. (*Id.* at 4-5).

At some point thereafter, x-rays were taken, but Keith was not told the results. However, he was placed on restrictive movement for six months. He recently discovered that he had numerous fractures around his face and has a large piece of bone "floating around" in his head. He continues to suffer physical issues from the injuries that have remained untreated. (*Id.* at 5).

Keith filed suit on January 11, 2024, alleging an Eighth Amendment violation for failure to provide medical treatment and a First Amendment retaliation claim against Burch. Burch filed the Motion, alleging that Keith failed to state a claim against him and that he is entitled to qualified immunity. Keith filed a response to the motion, disputing Burch's assertions.

## II. LEGAL STANDARDS

**A.    Rule 12(b)(1).**

A court may dismiss a complaint for lack of subject-matter jurisdiction. FED. R. CIV. P. 12(b)(1). A case is properly dismissed for lack of subject matter jurisdiction when the court lacks

"the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998). The Court should grant a 12(b)(1) motion to dismiss only if it appears certain that the plaintiff cannot prove any set of facts that would entitle him to recovery. *Morris v. Thompson*, 852 F.3d 416, 419 (5th Cir. 2017). The party invoking the Court's jurisdiction bears the burden of demonstrating that jurisdiction exists. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

**B.    Rule 12(b)(6).**

To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation and citation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, … on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and footnote omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" do not establish facial plausibility. *Iqbal,* 556 U.S. at 678. A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 557). In evaluating the sufficiency of a complaint, courts accept well-pleaded factual allegations as true, but do not credit conclusory allegations or assertions that merely restate the legal elements of a claim. *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016).

### III. LEGAL ANALYSIS

**A.    Rule 12(b)(1): Eleventh Amendment.**

Keith's claim for monetary damages against Burch in his official capacity is without merit

in that it is simply another way of suing the TTUHSC, and, therefore, the State of Texas. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985); *see also Hafer v. Melo*, 502 U.S. 21, 25 (1991) ("Suits against state officials in their official capacity therefore should be treated as suits against the State."). As a sovereign entity, a state may not be sued without its consent. Therefore, under the Eleventh Amendment, "[f]ederal courts are without jurisdiction over suits against a state, a state agency, or a state official in his official capacity unless that state has waived its sovereign immunity or Congress has clearly abrogated it." *Moore v. Louisiana Bd. of Elementary & Secondary Educ.*, 743 F.3d 959, 963 (5th Cir. 2014).[2]

Suits for monetary damages against state officials in their official capacities cannot succeed under Section 1983. *See Almond v. Tarver*, 468 F. Supp. 2d 886, 892-95 (E.D. Tex. 2006) (collecting authorities and holding that claim against state official in his official capacity was barred by sovereign and Eleventh Amendment immunities). In addition, state officials acting in their official capacities are not "persons" under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989). Therefore, the claim for monetary damages against Burch in his official capacity should be dismissed without prejudice pursuant to Rule 12(b)(1).[3]

**B.    Rule 12(b)(6): Failure to State a Claim.**

    **1.    First Amendment Claim.**

Keith asserts that Burch retaliated against him for requesting a work excuse and an x-ray. Specifically, Keith alleges that Burch withdrew his previous authorization to provide Keith with ibuprofen to treat his head injury. He further alleges that Burch then cleared Keith for work without providing any medical treatment whatsoever for Keith's head injury. (ECF 32 at 4). When an

---

[2]Sovereign immunity does not apply to state officials sued in their individual capacity.

[3]Because Keith states that he is not seeking injunctive relief against Burch, the Court does not address Keith's injunctive relief request herein.

inmate claims that he has been the subject of retaliation, he must show facts, not merely conclusions. *Whittington v. Lynaugh*, 842 F.2d 818 (5th Cir.), *cert. denied*, 488 U.S. 840 (1988). The plaintiff must present facts showing a retaliatory motive or the alleged conduct must itself raise an inference of retaliation in order to support a claim. *Id*. at 819. "The prospect of endless claims of retaliation on the part of inmates would disrupt prison officials in the discharge of their most basic duties. Claims of retaliation must therefore be regarded with skepticism, lest federal courts embroil themselves in every disciplinary act that occurs in state penal institutions." *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995).

A valid retaliation claim requires a plaintiff to allege that: (1) he exercised a specific constitutional right; (2) the defendant intended to retaliate against him because he exercised that right; (3) he experienced a retaliatory adverse act; and (4) the adverse act would not have occurred but for a retaliatory motive. *Welsh v. Cammack,* No. 23-10961, 2024 WL 3649583 at *5 (5th Cir. 2024) (citing *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999)). The Fifth Circuit has defined an actionable retaliatory adverse act as one "capable of deterring a person of ordinary firmness from further exercising his constitutional rights." *Morris v. Powell*, 449 F.3d 682, 686 (5th Cir. 2006). A plaintiff must offer direct evidence of motivation or allege a chronology of events from which retaliation may plausibly be inferred. *Woods*, 60 F.3d at 1166. "Mere conclusionary allegations of retaliation" are insufficient. *Id.; see also Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997) (Conclusory allegations amounting to a plaintiff's "personal belief that he is the victim of retaliation" are insufficient to state a claim for relief). Causation requires a showing that "but for the retaliatory motive the complained of incident … would not have occurred." *McDonald*, 132 F.3d at 231 (citation omitted).

Keith has alleged that he exercised his right to request adequate medical care. He alleges

that Burch was willing to provide such care until he was offended by Keith's requests for an x-ray and work excuse. As a result of Keith's requests, Burch immediately withdrew his previous authorization to provide Keith with ibuprofen and cleared Keith for work without any medical treatment whatsoever. (ECF 32 at 4). Burch alleges that Keith has "fail[ed] to produce direct evidence of retaliation or a chronology of events from which retaliation may plausibly be inferred." (ECF 57 at 6). However, evidence is not required at this stage of the proceedings. Keith's allegations at this point in the proceedings are at least plausible, especially considering the fact that Burch's motion challenges the sufficiency of the evidence rather than the sufficiency of the pleading as to this claim. Keith has alleged a plausible claim of retaliation, which is all that is required to withstand a Rule 12(b)(6) motion. Burch's motion should be denied as to Keith's retaliation claim.

    **2.    Eighth Amendment Claim.**

The Constitution requires that prison officials provide adequate medical care. *Rogers v. Boatright*, 709 F.3d 403, 409 (5th Cir. 2013). An inmate seeking to establish a constitutional violation regarding medical care must allege facts showing that prison officials were deliberately indifferent to his serious medical needs. *Morris v. Livingston*, 739 F.3d 740, 747 (5th Cir. 2014) (explaining that because "only the 'unnecessary and wanton infliction of pain' implicates the Eighth Amendment, a prisoner advancing such a claim must, at a minimum, allege 'deliberate indifference' to his 'serious' medical needs'") (quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). Deliberate indifference "is an extremely high standard to meet." *Brewster v. Dretke*, 587 F.3d 764, 770 (5th Cir. 2009) (internal quotation omitted) and requires satisfaction of both an objective and a subjective component. *Rogers*, 709 F.3d at 410. An inmate must first prove objective exposure to a substantial risk of serious bodily harm. *Gobert v. Caldwell*, 463 F.3d 339,

345 (5th Cir. 2006). As to the subjective component, an official acts with deliberate indifference only when he (1) knows the inmate faces "a substantial risk of serious harm" and (2) "disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Gobert*, 463 F.3d at 346; *see also Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999) (per curiam) (stating that prison official is not liable for denial of medical treatment unless he knows of and disregards an excessive risk to inmate health or safety).

An official's "failure to alleviate a significant risk that the official should have perceived, but did not, is insufficient to show deliberate indifference." *Domino v. Tex. Dep't of Crim. Just.*, 239 F.3d 752, 756 (5th Cir. 2001) (alterations and internal quotation omitted) (quoting *Farmer*, 511 U.S. at 838). "[D]eliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." *Thompson v. Upshur Cnty.*, 245 F.3d 447, 459 (5th Cir. 2001). Instead, an official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Brewster*, 587 F.3d at 770 (quoting *Farmer*, 511 U.S. at 837); *see also Lawson v. Dallas Cnty.*, 286 F.3d 257, 262 (5th Cir. 2002) (holding that deliberate indifference is a "subjective inquiry," and inmate must show that the prison official was actually aware of risk of harm and consciously ignored it).

Allegations of malpractice, negligence, or unsuccessful treatment fail to establish deliberate indifference. *Gobert*, 463 F.3d at 346. Similarly, an inmate's disagreement with the medical treatment provided does not give rise to a constitutional claim. *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997). Further, a delay in delivering medical care creates constitutional liability only where the alleged deliberate indifference results in substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993). In sum, an inmate must demonstrate that prison staff

"refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs" to state a viable Eighth Amendment claim for deliberate indifference to serious medical needs. *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985).

Burch claims that Keith "cannot show that PA Burch intentionally treated him incorrectly" and that Keith does not allege that Burch had any knowledge of his alleged concussion or facial fractures such that his failure to treat them constitutes deliberate indifference. (ECF 57 at 7). Burch further asserts that clearing Keith for work shows that Burch did not infer that Keith was at risk of serious harm. (*Id*. at 8). The Court disagrees. Keith alleges that Burch knew Keith needed medical care and intentionally refused to provide it after he became irritated with Keith. *See Stevenson v. Toce*, 113 F.4th 494, 503 (5th Cir. 2024) ("We have said that an official violates a prisoner's Eighth Amendment rights if he requires the prisoner to do work that he knows will significantly aggravate the prisoner's serious physical ailment.") (internal quotation omitted). According to Keith's Amended Complaint, Burch knew that Keith needed medical care for a head injury, as shown by his initial ibuprofen authorization and referral to a physician, yet Burch intentionally withdrew the care after Keith questioned him. Keith clearly alleges a plausible claim at this stage that Burch "refused to treat him, ignored his complaints, [and] intentionally treated him incorrectly." *See Johnson*, 759 F.2d at 1238. Accordingly, Burch's Motion should be denied as to this claim.

### 3.    Qualified Immunity.

Burch also seeks to dismiss Keith's claims based upon his affirmative defense of qualified immunity. Once qualified immunity is asserted, the burden shifts to the plaintiff to demonstrate the inapplicability of the defense. *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (en banc) (per curiam), *citing Bazan ex rel. Bazan v. Hidalgo County*, 246 F.3d 481, 489

(5th Cir. 2001). "When a defendant asserts a qualified-immunity defense in a motion to dismiss, the court has an obligation to carefully scrutinize the complaint before subjecting public officials to the burdens of broadreaching discovery." *Longoria v. San Benito Indep. Consol. Sch. Dist.*, 942 F.3d 258, 263-64 (5th Cir. 2019). A complaint must be dismissed pursuant to Rule 12(b)(6) if it fails to plead facts allowing the reasonable inference that the defendant is liable for the alleged misconduct. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While the Court accepts all well-pleaded facts as true and in a light favoring the plaintiff, the Court does not accept "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Heinze v. Tesco Corp.*, 971 F.3d 475, 479 (5th Cir. 2020) (citation omitted).

"Qualified immunity is a two-step process. The first [step] asks whether the defendant violated the plaintiff's constitutional rights. The second step adds the protection for the defendant that liability attaches only if the right was clearly established" at the time the violation occurred. *Sims v. City of Madisonville*, 894 F.3d 632, 638 (5th Cir. 2018). Burch contends that Keith fails to meet both prongs of the qualified immunity process. As shown above, however, Keith has alleged a plausible claim that Burch violated his constitutional rights, so he meets the first prong.

Secondly, Keith's right to adequate medical care was clearly established at the time of Burch's alleged violation. A plaintiff need not show that "the very action in question has previously been held unlawful." *Stevenson*, 113 F.4th at 504. Instead, "[t]he test is whether every reasonable official would know that their actions are unconstitutional." *Id.* (citing *Villarreal v. City of Laredo*, 94 F.4th 374, 395 (5th Cir. 2024) (en banc)). Case precedent establishes that Burch's acts in deliberately denying medical care, as alleged by Keith, are clearly unconstitutional. In *Stevenson*, the Fifth Circuit held that prison officials violated clearly established law when they intentionally denied medical care to an inmate and ignored his complaints. *Stevenson*, 113 F.4th at 503. As

noted in *Stevenson*, the Fifth Circuit has held that "a prison inmate can demonstrate an Eighth Amendment violation by showing that a prison official refused to treat him ... or ignored his complaints." *Id.* (citing *Easter v. Powell*, 467 F.3d 459, 464 (5th Cir. 2006) (internal quotation omitted).

As for Keith's duty status claim, the law is equally clear. *See Stevenson*, 113 F.4th at 504 (citing *Jackson v. Cain*, 864 F.2d 1235, 1246 (5th Cir. 1989)). In *Jackson*, a prisoner brought an Eighth Amendment claim based on work duties he claimed were "inappropriate to his medical condition." *Id.* at 1246. He specifically alleged that officials knew he suffered from syphilis and knew that exposure to sunlight would hinder his treatment but still forced him to work in the sun. *Id*. at 1239, 1246-47. The Fifth Circuit concluded that those allegations amounted to deliberate indifference. Although Keith's medical condition is different, his circumstances are essentially the same. He alleges that Burch knew he had a head injury and knew that he needed an excuse to be absent from his work detail. Keith clearly established that such circumstances, if proven true, violate the Eighth Amendment. *Id*. at 1244, 1246; *see also Calhoun*, 312 F.3d at 734-35 (finding a claim for deliberate indifference when a prison official allegedly knew of an inmate's medical work restrictions, yet forced him to work far beyond those limitations); *Stevenson*, 113 F.4th at 505 (citing *Jackson* and *Calhoun*). Keith has satisfied both prongs of the qualified immunity test for Rule 12(b)(6) purposes. Accordingly, Burch's Motion should be denied as to his qualified immunity defense.

## IV. RECOMMENDATION

For the reasons stated above, the Magistrate Judge recommends that Burch's Motion to Dismiss be GRANTED pursuant to Rule 12(b)(1) as to monetary damages sought against him in his official capacity, and DENIED pursuant to Rule 12(b)(6) on all other grounds.

## V. Instructions for Service

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED April 23, 2025.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir. 1988).